**Tommielee JACOBS, Jr.,**
**Plaintiff–Appellant,**

v.

**NEW YORK CITY DEPARTMENT OF CORRECTION, D. Frazier, C.O. # 10273, L. Johnson, Captain # 1058, T. Fowler, C.O. # 3291, W. Sheridan, C.O. # 12413, M. Maiello, C.O. # 11275, Defendants–Appellees.**

**Docket No. 00–0266.**

United States Court of Appeals,
Second Circuit.

Sept. 6, 2002.

Tommielee Jacobs, Jr., pro se, Rome, NY, Appearing for Appellant.

Julie Steiner, New York City Law Department, New York, N.Y. (Barry P. Schwartz, on the brief), Appearing for Appellees.

Present: MESKILL, STRAUB, and KATZMANN, Circuit Judges.

## SUMMARY ORDER

AFTER SUBMISSION AND UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is hereby AFFIRMED.

Tommielee Jacobs, Jr., *pro se*, appeals from a judgment following a jury trial, dismissing his 42 U.S.C. § 1983 complaint, alleging the use of excessive force and the denial of medical care by correctional officers at the George Motchan Detention Center of Rikers Island.

Jacobs's claim of excessive force against officers Frazier and Maiello was tried before a jury on June 5–7, 2000.* At trial, Jacobs represented himself and was his only witness. He testified that he had been beaten by defendant Frazier and another correctional officer, and sprayed with a chemical spray by defendant Maiello. These actions, Jacobs argued, were unjustified and in violation of Department of Correction procedures on the use of force. Jacobs claimed that as a result of the incident, he suffered from pain in his back and impaired vision.

Officers Frazier and Maiello testified on their own behalf and also called Assistant Deputy Warden Edmund Duffy as a witness. Frazier argued that he was justified in physically restraining Jacobs after he attempted to push past him, and Maiello argued that he was justified in using the chemical spray against Jacobs when, even once he was restrained, Jacobs continued

---

* On the first day of trial, without objection from Jacobs, the District Court dismissed his 42 U.S.C. § 1985 claim, because Jacobs failed to allege that the conspiracy to violate his constitutional rights was motivated by a racial or class-based animus. At the same time, his claim against the New York City Department of Correction was dismissed because it is not a suable entity, and his claims against correctional officers William Sheridan and Terry Fowler were dismissed because, as Jacobs conceded, they had no involvement with the particular incident at issue. At the close of Jacobs's case, the District Court granted the Rule 50 motion to dismiss the claim against correctional officer Larry Johnson, against whom Jacobs had alleged the denial of necessary medical care following the incident.

to resist. The jury returned a verdict in favor of both defendants.

On appeal, Jacobs argues, *inter alia,* that: (1) the verdict was against the weight of the evidence, in part because the actions and justifications for the use of force provided by the defendants at trial were clearly outside the scope of the Department of Correction's policy guidelines; (2) the jury instructions regarding liability were improper, and the special verdict was inconsistent; (3) the reaction of one juror to the verdict indicated that she did not agree with the verdict; (4) the defendants who testified gave evasive answers, and more specifically, the testimony of Frazier that Jacobs fell and injured himself was false; (5) false information was improperly admitted that Jacobs was a high-risk prisoner and a weapons carrier; (6) answers provided during discovery were not responsive; and (7) the District Court should have appointed counsel.

We have examined plaintiff's contentions, and for the reasons that follow, conclude that the District Court properly entered judgment dismissing Jacobs's complaint.

■ First, Jacobs's argument that the verdict was against the weight of the evidence is meritless. The jury was entitled to judge the credibility of the witnesses and the evidence, and must have found the testimony of the correctional officers to be more credible than Jacobs's when it found in their favor. This Court will not disturb the jury's verdict since it was reasonable, given the evidence that was presented at trial, for the jury to find in favor of the defendants. *See Carvel Corp. v. Diversified Management Group, Inc.,* 930 F.2d 228, 232 (2d Cir.1991).

■ Second, Jacobs's argument that the jury instructions were improper fails because he waived any right to challenge the instructions on appeal when he raised no objection to the instructions at trial. In any event, Jacobs provides no specific reason why the jury instructions were improper.

To the extent that Jacobs claims that the verdict was not unanimous, or was inconsistent, those claims are also meritless. The jury's special verdict sheet addressed only the first question regarding liability because having found that neither of the defendants was liable, there was no need for the jury to answer the latter questions regarding damages. Moreover, the jury was polled after the verdict was read, and there is nothing in the record to support Jacobs's claim that one of the jurors did not support the verdict.

Jacobs's argument that answers given by the defendants during their testimony were false and evasive fails because Jacobs had the opportunity to cross-examine each of the witnesses regarding their version of the incident, and an assessment of their credibility is exclusively the province of the jury. His argument that false information was improperly admitted on the identification of high risk prisoners is also without merit because Jacobs himself introduced and used the related evidence during his questioning of the defense witnesses. Additionally, Jacobs's argument that the responses provided during discovery by the defendants were inadequate cannot be raised on appeal because Jacobs waived that issue before the District Court. *See, e.g., Singleton v. Wulff,* 428 U.S. 106, 120–21, 96 S.Ct. 2868, 49 L.Ed.2d 826 (1976).

■ Finally, we reject Jacobs's claim that he should have been appointed counsel. A district court has no obligation to appoint counsel for a pro se plaintiff, even for a trial.

For the foregoing reasons, the judgment of the district court is hereby AFFIRMED.